IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**OSCAR COLEMAN, III,**
**DOC # 131647,**

    **Plaintiff,**

vs.                                                        Case No. 1:25cv17-AW-MAF

**JEFFERY W. KENNEDY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se with in forma pauperis status, has been provided several opportunities to amend his § 1983 complaint. *See* ECF Nos. 8, 13, and 18. Now before the Court is Plaintiff's second amended civil rights complaint ["complaint"], ECF No. 19, which has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff seeks to litigate events which occurred at Cross City Correctional Institution in May of 2024. ECF No. 19 at 7. Plaintiff was assigned to work in food service and claims that the conditions were unsafe and he lacked proper protective equipment. *Id.* Plaintiff alleged

that he slipped and fell on May 17, 2024, injuring the right side of his neck, his right shoulder, and he received a three-inch laceration.  *Id.*  Plaintiff was again working in the same "unsafe & unhealthy prison conditions" on May 24, 2024, and says that he fell "again the same exact way."  *Id.*  This time, Plaintiff says he suffered more injuries, identified as an injury to his left elbow ("tennis elbow") with limited flexion, and small bone fragments.  *Id.* at 9.[1]  Plaintiff contends that Defendant Kennedy falsely claimed that inmates have proper protective equipment, including "slip resistant slip-on shoe covers" and "slip resistant rubber mats in food service."  *Id.* at 7, 9.

    Plaintiff also claimed that he was not provided appropriate medical care and said medical staff "downplayed" his symptoms and complaints.  *Id.* at 9.  He alleged that Defendant Nurse Washington "downplayed" his complaints, made him walk without any assistance, mocked him, and made fun of him.  *Id.* at 8.  He claimed that Defendant Nurse Berry also laughed at him and dismissed his complaints.  *Id.*  In general, Plaintiff alleged that he was allowed to suffer in pain and discomfort.  *Id.*  Further, Plaintiff contends "Centurion did not give [him] the prescribed physical therapy" for

---

[1] Two of Plaintiff's pages were filed out of order.  Page 9 of the complaint should be page 8, and vice versa.  ECF No. 19 at 8-9.

Case No. 1:25cv17-AW-MAF

6 months and as a result, his "arm is stuck at an uncomfortable angle and is filled with unbarable [sic] pain continuously." *Id.*

First, Plaintiff has not presented any factual allegations concerning the involvement of Defendants "Mr. B." or Warden Shawn Swain. Thus, the complaint fails to state a claim as to those Defendants.

Furthermore, Plaintiff does not provide sufficient allegations concerning Defendants Aramark or Centurion. Both Aramark and Centurion are sued in their "official" capacities. *Id.* at 4. Notably, both of those Defendants are private companies. A company cannot be held vicariously liable under § 1983 for the actions of their employees on the basis of "respondeat superior or vicarious liability." Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)) (explaining that Monell applies to private corporations). To the extent Plaintiff's complaint could be liberally construed as presenting such a claim, it is insufficient.

A private company could be held liable under § 1983 if it had "an official policy or unofficial custom of deliberate indifference to inmate health and safety." Craig v. Floyd Cnty., 643 F.3d 1306, 1310 (11th Cir. 2011) (cited in Hill v. Aramark Corr. Servs., LLC, No. 8:23-CV-26-WFJ-NHA, 2025

WL 1018406, at *10 (M.D. Fla. Apr. 4, 2025)).  To state such a claim, Plaintiff must have alleged facts which show that those Defendants had a custom or practice of permitting unsafe conditions and Plaintiff must show that the "custom or practice [was] 'the moving force [behind] the constitutional violation.' " Craig, 643 F.3d st 1310.  Here, Plaintiff has not identified either a custom, policy, or practice that constitutes deliberate indifference to his constitutional rights.  Indeed, Plaintiff's complaint alleges only two instances in which he slipped and fell.  Those two instances do not establish either a custom or practice.  See Hill, 2025 WL 1018406, at *10 (citing to Derks v. Bassa, No. 22-13202, 2023 WL 5664197, at *2 (11th Cir. Sept. 1, 2023) (citation omitted) ("Merely citing one's own personal experience, without more, is insufficient to show a longstanding and widespread practice."), and Myrick v. Fulton Cnty., Georgia, 69 F.4th 1277, 1299 (11th Cir. 2023) ("A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several subordinates.")).  Therefore, the official capacity claims brought against Aramark and Centurion fail to state a claim and cannot proceed.

The only basis for Plaintiff's claim against Defendant Kennedy is that he falsely answered an email to Plaintiff's sister which said, "all inmates

have slip resistant slip on shoe covers & slip resistant rubber mats in food service." ECF No. 19 at 7; *see also* pg. 9. Providing an allegedly false response in an email or grievance is not a constitutional violation. Furthermore, Plaintiff does not allege that this Defendant was responsible for the conditions in which Plaintiff worked, or was otherwise responsible for the lack of medical care or therapy. Plaintiff's claim against Defendant Kennedy also fails to state a claim and is insufficient.

That leaves Plaintiff's claims against Defendants Washington and Berry, both of whom are alleged to be nurses at Cross City C.I. Plaintiff contends they violated his "right to adequate medical care." ECF No. 19 at 10.

The Eighth Amendment of the United States Constitution requires that prisoners be provided treatment for their serious medical needs. Failing to provide treatment because a defendant is "deliberately indifferent" to a prisoner's plight results in cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, to state a viable Eighth Amendment claim for the denial of medical care, Plaintiff must allege facts which show "an objectively serious need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

In this case, Plaintiff has not provided facts which explain that he had a "serious" medical need which was ignored. Plaintiff alleged that Nurse Washington forced him to walk without assistance after falling, but Plaintiff did not allege any injury to his back, hips, legs, or feet. ECF No. 19 at 8. He claimed only to have injured his left elbow. *Id.* at 9. That injury would not preclude Plaintiff from walking.

Plaintiff also alleged that after his first fall on May 17, 2024, he contends he had been unconscious, there was a puddle of blood from his "head injury," and Plaintiff complains that he was not provided an MRI or taken to a "trained head specialist." ECF No. 19 at 9. Instead, the nurses downplayed his symptoms and complaints. *Id.* That is not sufficient to show that the Defendants were deliberately indifferent to his medical needs.

First, nurses cannot prescribe or order that an MRI be taken. Nurses also cannot direct that an inmate be seen or evaluated by a specialist. Such orders would necessarily have to be made by a physician at the institution.

Second, to show deliberate indifference, Plaintiff must have alleged specific facts to show that the Defendant nurses provided "an objectively

insufficient response to that need, [had] subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001).  Put simply, Plaintiff "must demonstrate that the defendant[s] actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm."  Wade v. McDade, 106 F.4th 1251, 1253 (11th Cir. 2024).  Plaintiff's allegations do not make that showing.  Instead, Plaintiff provided conclusory assertions only which contend the nurses downplayed his injuries.  ECF No. 19 at 9. Plaintiff did not identify a specific medical need which obviously needed treatment, but was not treated.

The Supreme Court made clear that medical malpractice does not constitute deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) ("Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).  "A 'complaint that a physician has been negligent in diagnosing or treating a

medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" Estelle, 429 U.S. at 106, 97 S. Ct. at 292 (quoted in Bingham, 654 F.3d at 1176). Even more relevant to Plaintiff's claims is the fact that the prisoner in Estelle received treatment for his back injury, but complained that more should have been done in the way of diagnosis. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. Here, Plaintiff's dissatisfaction with not receiving an MRI or a referral to a specialist is insufficient to state a claim under the Eighth Amendment.

Plaintiff also claimed he was in pain and did not receive prescribed physical therapy, *see* ECF No. 19 at 8, but Plaintiff did not allege that he advised any specific Defendant that he was in pain and needed medication, nor did he allege that after doing so, a Defendant failed to provide him with pain medication. Plaintiff also does not identify any person who refused to permit him to attend physical therapy. He does not allege requesting therapy, submitting grievances concerning his inability to

Case No. 1:25cv17-AW-MAF

receive therapy or complaining to any specific Defendant about a delay in attending therapy. In short, there are no facts provided which show a causal connect between the named Defendants and Plaintiff's lack of physical therapy.

It is not enough for Plaintiff to say that the Defendants should have done more to assist him. An Eighth Amendment claim for medical care requires factual allegations which show that the Defendants were "subjectively reckless," meaning they acted or failed "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Wade, 106 F.4th at 1256 (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Plaintiff has not provided facts to support his Eighth Amendment claim for the denial of medical care, so his claims against the nurses are insufficient to state a claim.

Finally, to the extent Plaintiff attempted to assert an Eighth Amendment claim concerning the allegedly unsafe working conditions, that claim is insufficient as well. As Plaintiff was advised previously during the course of this litigation, *see* ECF No. 8 at 5-8, such a claim requires an inmate to show: (1) a condition of confinement that inflicted unnecessary

pain or suffering (the objective component), (2) deliberate indifference to that condition (the subjective component), and (3) causation. LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994) (citations omitted). Moreover, Plaintiff must show that the conditions about which he complains are "sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "The challenged condition must be 'extreme.'" Chandler, 379 F.3d at 1289 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). "While an inmate 'need not await a tragic event' before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement 'pose[s] an unreasonable risk of serious damage to his future health' or safety, *id.* at 35, 113 S.Ct. at 2481." Chandler, 379 F.3d at 1289.

In this case, Plaintiff's initial complaint made clear that he slipped and fell on a "wet & greasy floor." ECF No. 1 at 8. Such a condition is not extreme or sufficiently serious. "[R]un-of-the-mill 'slip-and-fall accidents in prison facilities do not violate the Eighth Amendment.'" Palmore v.

Estrada, No. 8:22-CV-1158-KKM-CPT, 2023 WL 4352463, at *2 (M.D. Fla. July 5, 2023), appeal dismissed, No. 23-12438-B, 2023 WL 9324877 (11th Cir. Sept. 14, 2023) (citing to Williams v. Peters, No. 2:20-cv-680-RDP-HNJ, 2021 WL 6496553, at *4 (N.D. Ala. Dec. 22, 2021) (collecting cases), adopted by 2022 WL 130740 (N.D. Ala. Jan. 13, 2022)).  "Slippery floors 'constitute a daily risk faced by members of the public at large,' so they do not ordinarily 'pose an unreasonable risk of serious injury.'"  Pedraza v. Inch, No. 3:20-cv-141-MMH-PDB, 2020 WL 871329, at *3 (M.D. Fla. Feb. 21, 2020) (quoted in Palmore, 2023 WL 4352463, at *2; see also McNeil v. Grantham, No. 5:20-CV-38-RV-MJF, 2020 WL 4289489, at *4 (N.D. Fla. June 26, 2020), report and recommendation adopted, No. 5:20-CV-38-RV-MJF, 2020 WL 4288039 (N.D. Fla. July 27, 2020); Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (noting that "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large").

Courts around the country have "consistently held that slippery prison floors do not violate the Eighth Amendment."  Reynolds, 370 F.3d at 1031 (citing to LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (noting that "slippery prison floors ... do not state even an arguable claim for cruel and

unusual punishment") (quotation omitted); Denz v. Clearfield Cnty., 712 F.Supp. 65, 66 (W.D.Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F.Supp. 1215, 1216–17 (N.D.W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F.Supp. 161, 162, 163 (E.D.Pa. 1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen); Tunstall v. Rowe, 478 F.Supp. 87, 88, 89 (N.D.Ill. 1979) (finding no Eighth Amendment violation based on greasy prison stairway); Snyder v. Blankenship, 473 F.Supp. 1208, 1209, 1212–13 (W.D.Va. 1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), *aff'd*, 618 F.2d 104 (4th Cir. 1980)).  Plaintiff's claims - based on the fact that water was on the floor and rubber mats were not provided - are insufficient to support an Eighth Amendment claim against any of the Defendants named in this case.

For all the foregoing reasons, it is recommended that this case be dismissed for failure to state a claim.  Plaintiff was previously given sufficient opportunities to submit a viable amended complaint, *see* ECF Nos. 8, 13, and 18, and further leave to amend does not appear beneficial.

Case No. 1:25cv17-AW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 8, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.