IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OSCAR COLEMAN, III,

      **Plaintiff,**

v.                                                      **Case No. 1:25-cv-17-AW-MAF**

JEFFERY W. KENNEDY, et al.,

      **Defendants.**

_____/

## FINAL ORDER

Plaintiff Oscar Coleman, a pro se prisoner, filed this § 1983 case against several prison officials (including the warden, an assistant warden, and two nurses), the Department of Corrections medical provider (Centurion), and its food service provider (Aramark). ECF No. 19. The operative complaint is the second amended. *Id.* Coleman's basic claim is that he was working in a prison kitchen, where he slipped and fell because of inadequate safety conditions. He alleges an Eighth Amendment claim based on those conditions and based on what he contends was the inadequate medical care that followed.

Pending now is the magistrate judge's report and recommendation (ECF No. 20), which concludes the court should dismiss the complaint for failure to state a claim. Having carefully considered the matter, and after a de novo review of the issues raised in Coleman's objections (ECF No. 22), I now adopt the report and recommendation and incorporate it into this order.

Coleman's burden at this stage was to allege facts that, accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, although Coleman insists he has "plenty of physical evidence," ECF No. 22 at 6, the question now is whether he has alleged a plausible claim. He has not.

First, to the extent Coleman alleges a slippery kitchen floor, improper kitchen shoes, or generally the lack of appropriate kitchen safety equipment constitutes prison conditions that violate the Eighth Amendment, I cannot agree. Coleman is correct that prison conditions subject to Eighth Amendment consideration extend beyond guard brutality or inadequate medical care. ECF No. 22 at 1. But the specific conditions he alleges are not the type of "extreme" conditions that could sustain an Eighth Amendment claim. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) ("Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." (cleaned up)).

Second, to the extent Coleman alleges an Eighth Amendment violation based on the medical care (or lack of care) he received after his injury, this also fails. He generally alleges certain deficiencies in care. But he has not alleged enough to meet the standard for deliberate indifference. *See Keohane v. Florida Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) ("A prisoner bringing a deliberate-indifference

claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be perfect, the best obtainable, or even very good. Rather, medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." (cleaned up)).

The bottom line is that, as the magistrate judge concludes, Coleman has not alleged a plausible constitutional claim. Because he has had ample opportunity to do so, I will now dismiss the case.

The clerk will enter a judgment that says, "This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." The clerk will then close the file.

SO ORDERED on August 4, 2025.

s/ *Allen Winsor*
Chief United States District Judge

3